**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAVID AQUINO,

                    Plaintiff,

        v.

ROY GIRDICH, Superintendent of Upstate
Correctional Facility; LESTER WRIGHT, M.D.;
ANTHONY BOUCAUD, Deputy Superintendent
of Administration; EVELYN L. WEISSMAN, M.D.;
DR. CRAIG W. RICHARDS; LOUISE TICHENOR,
Physician Assistant; AMY TOUSIGNANT, N.A.;
R.N. N. SMITH, N.A.; DEANA L. BUFFHAM, R.N.;
JOHN DOE, Employees of Upstate Correctional
Facility; THOMAS G. EAGEN, Director, Inmate
Grievance Program; JOHN DOE 1-20, Employees
of Dept. of Correctional Services; STATE OF NEW
YORK; and GLEN S. GOORD,

                    Defendants.

No. 04-CV-87
(LEK/DRH)

---

**APPEARANCES:**

DAVID AQUINO
Plaintiff Pro Se
56 Troutman Street, 1st Floor
Brooklyn, New York 11206

HON. ELIOT SPITZER
Attorney General for the
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**OF COUNSEL:**

NELSON R. SHEINGOLD, ESQ.
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER[1]**

---

    [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Plaintiff pro se David Aquino ("Aquino"), formerly an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, various DOCS employees, violated his constitutional rights under the First, Fifth, Eighth, Ninth, and Fourteenth Amendments.  Am. Compl. (Docket No. 6).  Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 66.  For the following reasons, it is recommended that defendants' motion be granted.

## I.  Failure to Respond

Aquino did not oppose defendants' motion.  Aquino was granted several extensions but still has failed to respond.  Docket Nos. 69, 70, 72, 73.  "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically."  Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).  Even in the absence of a response, defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law.  Id.; see also Fed. R. Civ. P. 56(c).  Because Aquino has not responded to raise any question of material fact, however, the facts as set forth in defendants' Rule 7.1 Statement of Facts (Docket No. 66) are accepted as true.  Adirondack Cycle & Marine, Inc. v. American Honda Motor Co., No. Civ. 00-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

## II.  Background

At all relevant times, Aquino was incarcerated at Upstate Correctional Facility

("Upstate").  On or about February 19, 2002, Aquino was examined by Dr. John R. Devanny

in an attempt to determine if reconstructive surgery was required for his spinal condition.

Am. Compl. at 8.[2]  It was recommended that Aquino have a discogram[3] to determine the

exact nature of his spinal condition.  Id.  However, defendants never offered Aquino a

discogram and the procedure was never performed.  Id.  Aquino also sought a biopsy to

determine the seriousness of his liver condition, but defendants denied his request.  Id. at 9.

On November 18, 2003, defendant Buffham discontinued Aquino's pain medication without

proper authorization, causing him to suffer physical and mental pain.  Id.  On June 6, 2003,

defendant Tichenor denied Aquino a discogram after Aquino filed of grievances against

Tichenor.  Id. at 11.  This action followed.


## III.  Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any

material fact if supported by affidavits or other suitable evidence and the moving party is

entitled to judgment as a matter of law. The moving party has the burden to show the

---

[2]Under Fed. R. Civ. P. 56(e), the non-moving party must offer evidence in sworn affidavits to oppose a properly supported motion for summary judgment.  A verified complaint meets this requirement.  See Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).  Here, however, Aquino's amended complaint is not verified and, therefore, Aquino has offered no evidence to contrdict the evidence proffered by defendants in support of their motion.

[3] A discogram (or diskogram) is a radiograph of an intervertebral disk.  See DORLAND'S ILLUSTRATED MED. DICTIONARY 492 (28th ed. 1994).

absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).  When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Id.[4]  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.

## IV.  Discussion

Aquino asserts three causes of action in his amended complaint, each against

---

[4] Aquino has filed at least five other federal actions since 1993.  See U.S. Party/Case Index (visited Sept. 14, 2006) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

defendants Wright, Boucaud, Weissman, Richards, Tichenor, Tousignant, and Buffham. The first alleges that defendants were deliberately indifferent to his serious medical needs and subjected him to cruel and unusual punishment, the second that defendants conspired against him, and the third that defendants violated his equal protection rights and retaliated against him. Am. Compl. at 13. The moving defendants seek summary judgment on all causes of action.

### A.  Personal Involvement

Defendants first contend that Aquino has failed to establish the personal involvement of defendants Girdich, Boucaud, Eagen, Wright, Richards, Goord, Buffham, Tousignant, and Smith.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). The doctrine of respondeat superior is not a substitute for personal involvement. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, supervisory officials may not be held liable merely because they held a position of authority. Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). Supervisory personnel may be considered "personally involved," however, if they participated in the conspiracy, learned of the violation but failed to remedy the wrong, created a policy or custom under which unconstitutional practices occurred or allowed such policy or custom to continue, or were grossly negligent in managing subordinates who caused the violation. Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986) (citations omitted).

5

**1. Goord and Boucaud**

Aquino fails to establish the personal involvement of Goord, the Commissioner of DOCS, or Boucaud, the Deputy Superintendent at Upstate.  In his complaint, Aquino's only reference to Goord is that he was "responsible for the administration operations and supervision of all correctional facilities."  Am. Compl. at 2.  Aquino's only reference to Boucaud is that he was responsible for Upstate health services.  Id. at 4.  Although Goord had supervisory responsibility over all DOCS employees, there is no evidence that he participated here in the alleged violations, created a policy which allowed constitutional violations to continue, or was grossly negligent in managing the other named defendants.  Regarding Boucaud, Aquino fails to demonstrate his personal involvement in the alleged violations beyond Boucaud's supervisory role as Deputy Superintendent at Upstate.

Therefore, it is recommended that defendants' motion for summary judgment as to defendants Goord and Boucaud be granted.

**2. Girdich**

Aquino contends that Girdich, the former Superintendent at Upstate, "violated the plaintiffs rights in that with constructive knowledge of the plaintiff's complaints and or medical needs, conspired to deprive the plaintiff of a right secured."  Am. Compl. at 11. Although Girdich had supervisory responsibility over all Upstate employees, there is no evidence that he participated here in the alleged violations, created a policy which allowed constitutional violations to continue, or was grossly negligent in managing the other named defendants.

Therefore, it is recommended that defendants' motion for summary judgment as to defendant Girdich be granted.

### 3. Eagen

Aquino appears to base Eagen's personal involvement solely on his title as Director of the Inmate Grievance Program.  Aquino contends that he "submitted numerous complaints seeking redress of grievances based upon his denial of adequate medical treatment" but Eagen failed to act .  Am. Comp. at 12.  However, "the fact that a prison official in the prison 'chain of command' affirms the denial of an inmate's grievance is not enough to establish the requisite personal involvement of that official." Ramsey v. Goord, No. Civ. 05-47A, 2005 WL 2000144, at *8 (W.D.N.Y. Aug. 13, 2005) (citations omitted).  Further, there is no evidence beyond Aquino's conclusory allegations that Eagen participated in the alleged violations, created a policy which allowed constitutional violations to continue, or was grossly negligent in managing his subordinates.

Therefore, it is recommended that defendants' motion for summary judgment as to defendant Eagen be granted.

### 4. Wright and Richards

Aquino contends that defendants Wright and Richards were informed of his medical conditions.  Am. Compl. at 7.  However, there is no evidence beyond Aquino's conclusory allegations that Wright or Richards participated in the alleged violations, created a policy which allowed constitutional violations to continue, or were grossly negligent in managing

the other named defendants.

Therefore, it is recommended that defendants' motion for summary judgment as to defendants Wright and Richards be granted.

## 5. Buffham

Aquino contends that Buffham "denied plaintiff adequate medical treatment through her reckless acts of discontinuing plaintiffs pain medication." Am. Comp. at 9. Defendants contend that Buffham did not have the authority to cancel Aquino's medication and, thus, could not have been personally involved. Defs. Mem. of Law (Docket No. 66) at 9-10. Aquino has offered no evidence to refute defendants' evidence and, therefore, the record is uncontradicted that Buffham did not cancel Aquino's medications. See footnote 2 supra.

Therefore, it is recommended that defendants' motion for summary judgment as to Buffham be granted.

## 6. Tousignant and Smith

Aquino contends that Tousignant and Smith, both Upstate Nurse Administrators, had constructive knowledge of his medical records and failed to remedy his alleged violations due to the inadequacies and inefficiencies of the medical staff at Upstate. Am. Compl. at 10. However, there is no evidence beyond Aquino's conclusory allegations that Tousignant or Smith participated in the alleged violations, created a policy which allowed constitutional violations to continue, or were grossly negligent in managing the other named defendants.

Therefore, it is recommended that defendants' motion for summary judgment as to

8

defendants Tousignant and Smith be granted.

## B. Eighth Amendment

A prisoner advancing an Eighth Amendment claim for denial of medical care must allege and prove deliberate indifference to a serious medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). More than negligence is required "but less than conduct undertaken for the very purpose of causing harm." Hathaway, 37 F.3d at 66. The test for a § 1983 claim is twofold. First, the prisoner must show that there was a sufficiently serious medical need. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Id. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

A serious medical need is "'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)). An impairment that a reasonable doctor or patient would find important and worthy to treat, a medical condition that affects the daily activities of an individual, or the existence of chronic and substantial pain are all factors that are relevant in the consideration of whether a medical condition was serious. Chance, 143 F.3d at 702-03.

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs. Id. at 702.  Mere disagreement over proper treatment does not create a constitutional claim as long as the treatment was adequate. Id. at 703.  Allegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

Here, it is unclear whether Aquino's condition constitute a serious medical need. However, even if Aquino's condition is considered serious, his Eighth Amendment claim fails to show that defendants were deliberately indifferent.  Aquino contends that Buffham's discontinuation of his pain medication and defendants' failure to perform a discogram and biopsy demonstrate that defendants were deliberately indifference to his serious medical needs.

### 1. Denial of Medication

In his amended compliant, Aquino alleges that on or about November 18, 2003, Buffham discontinued his pain medication without proper authorization.  Defendant Tichenor concedes that from November 12 to 29, 2003, she discontinued Aquino's prescription medications.  Tichenor Decl. (Docket No. 66) at ¶¶ 26-28.  However, Aquino's prescribed medications were suspended for nearly two and a half weeks only after he pled guilty to misuse of his medications. Id. at Ex. A.  Further, during the time Aquino was denied his medications, he was offered, but frequently refused, over-the-counter pain medication. Id. at ¶ 27.  Thus, defendants' denial of Aquino's prescribed medications due to his own misconduct does not constitute deliberate indifference. See Shea v. Wheeler,

No. Civ. 00-72, 2001 WL 34376846, at \*6 (W.D. Wis. June 19, 2001) (holding that

defendants' decision to discontinue plaintiff's prescription for misuse, even after plaintiff was

found not guilty at a subsequent disciplinary hearing, did not constitute deliberate

indifference).

### 2. Biopsy and Discogram

In his amended complaint, Aquino contends that he "never received nor was offered a

discogram to determine whether all or part of his [back] discomfort was due to his

degenerative disc[s]." Am. Compl. at 8.  Aquino also contends that he "sought a biopsy to

determine the seriousness of [his Hepatitis A and B] condition as well as the proper

treatment for the asserted liver problem." Id. at 9.

Regarding the biopsy, Dr. Weissman, Health Services Director for Upstate, stated that

Aquino was routinely tested at Upstate and these tests revealed only a slightly abnormal

liver function.  Weissman Decl. (Docket No. 66) at ¶ 7-9.  Based on these tests, Dr.

Weissman concluded that a biopsy was contraindicated and would have been clinically

inappropriate.  Id. at ¶ 17.  As to Aquino's request for a discogram, Dr. Weissman stated

that Aquino has received a myriad of diagnostic tests, including several CT scans, an EMG,

a lumbar mylogram, numerous x-rays, numerous MRI's, a cervical mylogram , and a bone

scan.  Id. at ¶ 27 (and citations therein).  These diagnostic tests failed to reveal any serious

escalation in Aquino's condition, instead finding only "a very minor degenerative change in

his back with no herniated disc compressing his spinal cord or impinging any nerves." Id. at

¶¶ 46-48.  Dr. Weissman concluded that a discogram, which involves the insertion of a

11

needle into an intervertebral disc and the injection of a chemical into the disc, would have been "futile and medically inappropriate." Id. at ¶¶ 49-50. Thus, because defendants' treatment of Aquino was adequate, Aquino's mere disagreement over proper treatment methods fails to demonstrate an Eighth Amendment violation. See Chance, 143 F.3d at 703 ("[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").

Therefore, it is recommended that defendants' motion for summary judgment as to the first cause of action be granted.

## C. Retaliation

Aquino contends that Tichenor denied him a discogram in retaliation for filing grievances against her. Defendants contend that this claim is without merit.

In order to prevail on a retaliation claim, a plaintiff must first assert that the plaintiff's conduct was constitutionally protected and that this conduct was a "substantial factor" that caused the adverse action against plaintiff. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). The burden then shifts to the defendant to show that by a preponderance of the evidence, the adverse action would have resulted even in the absence of the protected conduct. Id.; see also Dawes v. Walker, 239 F.3d 489, 492 (2d. Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Retaliation claims are actionable because the conduct may tend to chill an individual's exercise of constitutional rights. Dawes, 239 F.3d at 491. However, courts must view retaliation claims with care and skepticism to avoid judicial intrusion into prison administration matters. Id.

Here, Aquino's filing of grievances was clearly an assertion of a constitutional right protected by the First Amendment. Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996). Aquino claims that the adverse action which resulted from this conduct was Tichenor's denying him a discogram. In order for any action to constitute adverse action, a plaintiff must establish that the adverse action would deter a similarly situated individual from exercising his or her constitutional rights. Dawes, 239 F.3d at 491. It is reasonably possible that other inmates would fail to exercise their constitutional right to file grievances for fear that they would be denied medical treatment. Thus, Tichenor's alleged denial of a discogram at least presents a question of fact as to whether this constitutes an adverse action.

However, Aquino fails to show a causal connection between his filing of grievances and Tichenor's alleged denial of a discogram. Aquino provides no evidence to demonstrate that Tichenor had any knowledge of the grievances Aquino filed against her prior to the alleged denial of a discogram. Thus, because Aquino offers only conclusory evidence to support his claim, he has failed to demonstrate a causal connection between the constitutionally protected conduct and the alleged adverse action. See Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983); see also Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003).

Therefore, it is recommended that defendants' motion for summary judgment as to the third cause of action be granted.

### D. Conspiracy

In his second cause of action, Aquino alleges that defendants violated his "State and Federal Rights to be free from acts of conspiracy." Am. Compl. at 13. To state a claim for

relief under 42 U.S.C. § 1985(3), a plaintiff must show

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

Mian v. Donaldson, Lufkin, & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir.1993).

Here, Aquino only makes conclusory allegations of a conspiracy between the defendants.

Thus, Aquino's conspiracy claims must fail. See Webb v. Goord, 340 F.3d 105, 111 (2d

Cir. 2003) (holding that conclusory statements alone cannot support a conspiracy

allegation).

Therefore, it is recommended that defendants' motion for summary judgment as to the

second cause of action be granted.


### E. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity.  Qualified immunity

generally protects governmental officials from civil liability insofar as their conduct does not

violate clearly established constitutional law of which a reasonable person would have

known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d

211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003).

A court must first determine that if plaintiff's allegations are accepted as true, there would

be a constitutional violation. Only if there is a constitutional violation does a court proceed to

determine whether the constitutional rights were clearly established at the time of the

alleged violation. Aiken, 236 F. Supp. 2d at 230.  Here, the second prong of the inquiry

need not be reached because, as discussed supra, accepting all of Aquino's allegations as

14

true, he has not shown that defendants violated his constitutional rights.

Therefore, it is recommended that defendants' motion for summary judgment on this alternative ground be granted.

## V. Failure to Complete Service

Aquino's amended complaint asserts claims against the State of New York, a defendant who has not been served with the complaint.  It also asserts claims against John Doe, "employees of Upstate . . . ," John Doe 1-20, "Employees of Dept. of [DOCS]."  None of the John Doe defendants have been otherwise identified or served with process.  Rule 4(m) of the Federal Rules of Civil Procedure requires that service of process be effectuated within 120 days of the date of the filing of the complaint.  See also N.D.N.Y.L.R. 4.1(b).  Because these defendants have not been timely served with process, it is recommended that the amended complaint be dismissed without prejudice as to them.

## VI.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that:

1. Defendants' motion for summary judgment  (Docket No. 66) be **GRANTED** and that judgment be entered in favor of all moving defendants on all claims; and

2. The complaint be **DISMISSED** without prejudice as to defendants State of New York and all John Doe defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 19, 2006
      Albany, New York

                                       David R. Homer
                                       United States Magistrate Judge